**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RONNIE THORNTON,**

        **Plaintiff,**

-vs-                                                **Case No. 6:08-cv-1694-Orl-28KRS**

**EDWIN J. MILLS,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **October 2, 2008** |

**I.    PROCEDURAL HISTORY.**

Plaintiff Ronnie Thornton filed a complaint against his attorney, J. Edwin Mills.[1]  Thornton alleges that his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution were violated when, during a state court proceeding, his attorney failed to seek a continuance for the purpose of locating eyewitnesses, depose the state's witnesses, conduct a

---

[1] Thornton named "Edwin J. Mills" in his complaint, an apparent scrivener's error, since he refers to Mills' law office as "Law Offices of J. Edwin Mills." Doc. No. 1 at 6. From Thornton's complaint, it is not clear whether Mills was Thornton's private counsel or if Mills was appointed as Thornton's public defender. Mills' status as public defender or private counsel does not affect my analysis of Mills' actions for the reasons discussed below.

proper pre-suit investigation, reveal a conflict of interest due to Thornton's failure to pay Mills for past legal work, and through Mills' alleged breaches of fiduciary duty "by a public official" and deficient trial strategy. Doc. No. 1. Thornton alleged that he was convicted as a result of Mills' actions. He has now filed his initial complaint and a motion to proceed *in forma pauperis*. Doc. Nos. 1-2.

## II.     STANDARD OF REVIEW.

Under 28 U.S.C. § 1915(e), the Court is required to consider whether Thornton's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997)(Lay, J., concurring)("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of*

*Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)(citation and quotation marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). However, "private defendants can be held liable in a § 1983 action if they act in concert with the state officials in depriving a plaintiff of constitutional rights." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990).

### III.   ANALYSIS.

*A. Sufficiency of Thornton's Complaint.*

The Eleventh Circuit's ruling in *Holt v. Crist*, 233 Fed. App'x 900, 902 (11th Cir. 2007), applies to Thornton's complaint. In *Holt*, the plaintiff alleged that his constitutional rights had been violated based on a state criminal prosecution brought against him. He named as defendants his public defender, prosecutors, and the presiding judge. The district court dismissed his complaint, and the Eleventh Circuit affirmed. *Id.*

The *Holt* court found that the public defender did not act under color of state law, a necessary showing to support a claim of violation of constitutional rights under § 1983. *Id.* at 902 (citing *Griffin*, 261 F.3d at 1303; *Focus on the Family*, 344 F.3d at 1277; *Dodson*, 454 U.S. at 325). The court observed that the attorney could be liable only if he acted in concert with the prosecutor in depriving a plaintiff of his constitutional rights. *Id.* at 902-03. Since the plaintiff's complaint failed

to make such a showing, the *Holt* court concluded that the claims against the public defender were appropriately dismissed. *Id.* at 903.

In his complaint, Thornton fails to plead any facts sufficient to state a claim that Attorney Mills was acting under color of state law with respect to his representation of Thornton. *See id.* Accordingly, the allegations of Thornton's complaint are insufficient to state a claim against Mills.

*B. Opportunity to Amend Complaint.*

Because Thornton has failed to set forth his claim adequately, he will be required to submit an **amended complaint**. In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write his full name and address in the appropriate sections on pages one and six (and seven, if necessary) of the civil rights complaint form and provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation

is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Most importantly, if Plaintiff intends to allege a <u>number of related claims</u>, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint <u>in this action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to advance in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

Finally, Plaintiff should not include argument in his amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint.

The Clerk of Court is directed to mail a new complaint form to Plaintiff with a copy of this Report and Recommendation.  After completing the new form, Plaintiff should mail it to the Court with a copy for each defendant.

**IV. RECOMMENDATION.**

I respectfully recommend that the Court do the following:

1. **DISMISS** Plaintiff's complaint without prejudice and permit him to file an amended complaint as described above within **TWENTY (20) DAYS** from the date of the Court's ruling on this Report and Recommendation.

2. **DENY** the motion to proceed *in forma pauperis*, doc. no. 2, without prejudice to refiling it in support of the amended complaint.

3. **ADMONISH** Plaintiff that failure to file an amended complaint within the time permitted by the Court may result in dismissal of the case without further notice. *See* Fed. R. Civ. P. 16(f).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on October 6, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE